## J. H. Clark, Appellee, v. Max Weber et al., Appellees, and Jacob Kasofsky, Appellant.

## Gen. No. 16,062.

APPEALS AND ERRORS—*when findings by master presumed supported by evidence.* If it appears from the record presented on review that numerous material documents were offered in evidence and considered by the master, his findings of fact confirmed by the chancellor will be presumed to have been supported by the evidence which was before him.

Appeal from the Circuit Court of Cook county; the HON. CHAS. M. WALKER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed February 26, 1912.

CLARENCE W. SCHAEFFER and HARRY L. STROHM, for appellant.

EDWARD H. MORRIS, for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Cook County dismissing for want of equity an in-

tervening petition of the appellant, Jacob Kasofsky, in a mechanic's lien proceeding originally brought by J. H. Clark against Max Weber and David Weber, copartners, doing business as Weber Bros., and containing a money judgment in favor of Weber Bros. against Kasofsky for $1501.05, and also taxing certain costs against him.

Weber Bros were the owners of a building in Chicago. They contracted with Kasofsky for changes and repairs on it. J. H. Clark furnished hardware, and to recover the amount due him began this mechanic's lien proceeding on October 4, 1906, making the Webers and Kasofsky parties defendant. Kasofsky filed on November 7, 1906, "an answer in the nature of an intervening petition," claiming a considerable amount from the Weber Bros., but practically making no issue on the petition of Clark. He did, however, allege that the claim of Clark was too large. The Webers filed an "answer"—whether before or after the intervening petition of Kasofsky was filed does not precisely appear, as it is not included in the transcript of the record brought here by the appellant. The certificate of the clerk to the transcript, however, says that the same is a complete transcript "except the answer filed Oct. 29, 1906, and except the answer filed November 23rd, 1906." By whom these answers were filed does not appear, but as there was no other defendant to the original petition of Clark except the Webers and Kasofsky, and no additional defendant to the intervening petition of Kasofsky, we may perhaps justifiably suppose that the answers were by the Webers and that one was filed October 29, 1906, to the original petition of Clark, and one on November 23, 1906, to the intervening petition of Kasofsky.

The decree which is appealed from by Kasofsky recites that the case came on to be heard "upon the intervening petition of Jacob Kasofsky, the answer of

Max Weber and David B. Weber, copartners, doing business as Weber Bros., the replication to said answer and the report of William Fennimore Cooper, Master in Chancery, to whom this case was duly referred, and the exceptions of said Jacob Kasofsky to said Master's Report.''

We are strongly inclined to the opinion that on account of the omission of these answers of the Webers in the transcript of the record brought here, it is impossible for us justifiably to make any other disposition of this cause than to affirm the decree.  The contention of the appellant Kasofsky in relation to this matter is, however, that the answers could contain nothing which would have affected the appellees' case favorably; that their only use, therefore, in the consideration of the cause by us might have been to show admissions by the appellees injurious to them, and that their omission should not, therefore, redound to their advantage.  Appellant claims also that if the appellees thought them important, they should have completed the record on a suggestion of diminution.

This is a method of disposing of the absence of pleadings, on which the case was heard, to which we cannot accede; but whatever may be said of it, there are other defects in the transcript concerning which similar contentions cannot be reasonably made, which compel affirmance on our part.

As stated in the decree, the cause was referred to a master in chancery. On the coming in of his report the original petition of Clark was disposed of and a decree entered in said Clark's favor, and the cause then proceeded to the disposition, in accordance with the Mechanic's Lien Act of 1903, of the issues raised between Kasofsky and the Weber Brothers.

The decree especially recites that the appellant had notice of the filing of said master's report and the presentation of the same to the Court for confirma-

tion, and that the Court has considered all the evidence therein contained *"and thereto attached,"* and the exceptions of Kasofsky to said report. It then overrules the exceptions and declares that the master's report and findings are approved and confirmed and made the basis of the decree. Following these recitals are many findings of fact, expressed generally to be "from the evidence in this cause as shown by the master's report and the matters and things appearing of record in this cause," and specifically and individually in the case of almost every finding "from said master's report and the evidence thereto attached."

The master's report, which is included in the transcript, recites that "the respective solicitors offered certain documentary evidence, which was admitted, as will more fully appear by reference to the attached record."

Its fifth finding of fact recites that a contract before set forth, *"together with certain blue prints which were submitted in evidence and which are transmitted to the Court with this report,* is the contract relied on" by the parties respectively.

In his fourth finding he sets out the contract mention *in haec verba.* But the contract declares that certain plans and specifications are "attached and made a part of the agreement," and these do not appear in the report, but we think must be presumed, under the recital of the fifth finding, to have been "transmitted to the Court with the report."

The report of the evidence shows many exhibits offered and allowed in evidence by the Master, and these must be presumed, we think, under the recitals of the decree, to have been returned by the Master with the "testimony" which was "reduced to writing" and "made a part of the report."

The transcript of the master's report before us, however, neither contains nor has attached to it any

of these exhibits. Neither blue prints, plans of any kind, specifications nor orders and receipts concerning money paid, which were produced, admitted and marked in connection with the testimony, are before us.

We cannot undertake to overrule the master's report and the decree based on it, which finds facts fully sufficient to sustain it, on this incomplete record.

The decree of the Circuit Court is therefore affirmed.

*Affirmed.*